State, Respondent, vs. Harrison (Alice), Appellant.*

*October 12—November 6, 1951.*

*Motion for rehearing denied, without costs, on January 8, 1952.

*Ray E. Lane* of Chicago, Illinois, and *Arnold W. Mulhern* of New Holstein, for the appellant.

For the respondent there was a brief by the *Attorney General, William A. Platz,* assistant attorney general, and *Martin Gulbrandsen,* district attorney of Vernon county, and oral argument by *Mr. Platz* and *Mr. Gulbrandsen.*

BROADFOOT, J. Several claims of error by the trial court are made upon the appeal. The first is that the court which fixed the sentence was without jurisdiction. The appellant quotes at length from an act passed by the legislature conferring added jurisdiction upon the county court of Vernon county and claims that only the circuit court for that county had jurisdiction to sentence her for the offense charged. The request to plead guilty, the order for immediate arraignment, the filing and reading of the information, the reception of the plea of guilty, and the sentence were all pursuant to sec. 357.20, Stats., which applies to all county courts and the proceedings were in accord with that section.

The second claim of error is that the law of the state of Wisconsin exempts citizens healing by prayer from the requirements of the Basic Science Law. Appellant's contention is that she comes within the exemption provided by sec. 147.19 (2), Stats., which reads as follows:

"None of the provisions of this chapter or the laws of the state regulating the practice of medicine or healing shall be construed to interfere with the practice of Christian Science, or with any person who administers to or treats the sick or suffering by mental or spiritual means, . . ."

The appellant pleaded guilty to the charge without claiming exemption under that provision. Where an exemption is in a separate section of the statute it is a matter of defense which the prosecution need not anticipate in the pleadings. *Kreutzer v. Westfahl,* 187 Wis. 463, 204 N. W. 595. At the hearing upon the petition for leave to withdraw her plea

of guilty testimony was introduced that indicates the appellant did not come within this exemption, in that the form of treatment consisted of massaging the patients in the area where discomfort was felt. If prayer was used, it was not made known to the patient.

The third assignment of error is that the appellant was entitled to be informed at the time of the arrest of the nature of the offense. In support of this contention the appellant cites sec. 264.07, Stats., which refers to arrests in civil cases and requires that the sheriff, upon arresting the defendant, shall deliver to him copies of the affidavit, bond, and order of arrest. It is sufficient to state that the arrest here was made under the provisions of ch. 354, Stats., dealing with the arrest and examination of a person charged with crime. The appellant was informed of the nature of the offense when the complaint was read to her in county court.

The fourth assignment of error is that the proceedings violated sec. 7, art. I of the Wisconsin constitution in that the accused did not have the right of counsel, the right to be heard, the right to meet the witnesses face to face, to compulsory process to compel the attendance of witnesses in her behalf, and the right to a speedy public trial by an impartial jury. The record shows the following:

"Court: Mrs. Harrison, or Alice Harrison, you have heard the information read to you, what is your plea to this, guilty or not guilty?

"Defendant: Guilty, Your Honor.

"Court: Now you are proceeding without counsel. Do you wish to proceed without advice of counsel?

"Defendant: Yes.

"Court: And you understand, do you not, that you are entitled to have counsel to represent you if you so desire? And you wish to proceed without counsel?

"Defendant: I'll proceed without, Your Honor."

The appellant was afforded the right to have counsel, her plea of guilty was voluntarily made, she did not request the

right to meet any witnesses face to face, she did not request process to compel the attendance of witnesses on her behalf, and she waived the right to trial by jury upon her plea of guilty.

The fifth assignment of error is that the proceedings violated sec. 9, art. I of the Wisconsin constitution in that appellant was not treated conformably to the law of the state of Wisconsin. Neither authorities nor facts are stated in the brief to support this contention, and the entire record negatives this claim.

The sixth assignment of error is that the proceedings violated sec. 18, art. I of the Wisconsin constitution ·in that they infringed upon the right of appellant to worship Almighty God according to the dictates of her conscience. The claim is made that healing by prayer is a worship of God. This, too, was a matter of defense that the prosecution was not required to anticipate. There was a plea of guilty to a violation of one of our statutes which was enacted for the public welfare and the proceedings do not show any curtailment of appellant's right to worship as she pleases.

The seventh assignment of error is that the appellant committed no offense. Again sec. 147.19 (2), Stats., is cited, and it is claimed that the information does not state an offense and the district attorney knew when he filed the information that the appellant was exempt under said section. The argument under this assignment is somewhat difficult to follow, but the information followed the language of the statute and appears to be regular.

The eighth assignment of error is that the appellant was denied due process of law under sec. 7, art. I of the Wisconsin constitution and the Fourteenth amendment to the constitution of the United States. Several cases are cited that hold that persons cannot be convicted without due process, but the appellant's claim of lack of due process seems to be confined to a statement that the record shows that every step

taken was with the desire to deny the appellant due process of law, and a further statement that the admission of affidavits by the court was improper. These affidavits were made by persons who had been treated by the appellant within Vernon county prior to the date of the hearing, and were offered by the state in opposition to the motion for leave to withdraw the plea of guilty. They were not considered at the time judgment and sentence were pronounced and their use in the later hearing was not a violation of due process.

The ninth assignment of error is that a warrant cannot issue without probable cause, and it is contended that the complaining witness in his "warrant" did not say that it was of his own knowledge, nor did he recite any facts whereby the court could find that he had actual personal knowledge of the offense. This contention is not supported by the record. The complaint was not on information and belief, but had it been, this practice is approved by statute in Wisconsin.

The tenth assignment of error attacks the information, and claim is made that the information is purely a conclusion by the district attorney. Again the record discloses that the information was not made on information and belief. It follows the language of the statute and is proper upon its face.

The final assignment of error is that the appellant did not receive a fair and impartial trial. The contentions made to support this assignment of error are reiterations of arguments previously made and they have, therefore, been previously answered.

The entire record discloses that the proceedings were held pursuant to law and that the appellant was only sentenced after her written request to plead, and her plea of guilty.

*By the Court.*—The judgment and order appealed from are affirmed.